## Baker v. Commonwealth.

(Decided September 24, 1929.)

**570**

C. F. SPENCER for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment convicting appellant of malicious shooting and wounding with intent to kill, and fixing his punishment at one year's imprisonment.

The record discloses that appellant's son, Willie Baker, and Willie Curtis, had had a dispute over a horse trade. The latter claimed that a trade had been made, and took possession of the former's horse. The former contended that he had not traded the horse, and demanded his possession. The dispute took place at the home of Mert Willoughby, in Montgomery county, some two or three miles from where the shooting occurred. Later on in the day Willie Baker joined his father, and they came to Indian Fields. While appellant was seated on the platform or porch of a store at Indian Fields, Willie Curtis rode up leading some horses, with his shotgun lying across the horse in front of him. He was preceded by his father, who was driving a wagon. As Curtis rode up, Willie Baker went out into the road and demanded his horse. From that point on there is a sharp conflict in the evidence. According to Curtis and his witnesses, appellant shot him and he fell to the ground. As Willie Baker came toward him, he shot Willie. Afterwards appellant shot him as he was trying to get away from appellant. On the other hand, appellant and his son say that, when the son demanded the horse, Curtis drew his gun on him, and that Curtis and appellant fired at the same time; the former's shot taking effect in the latter's shoulder and necessitating the amputation of his arm. Afterwards Curtis reloaded his gun and was preparing to fire again, when appellant fired at him. Appellant then

took possession of Curtis' gun, broke it, and threw the cartridges out, saying, "I guess the shooting will stop now." Other witnesses say that the first two shots were fired at the same time.

The principal ground urged for reversal is that the court did not instruct on appellant's right to act in defense of his son. It was error not to submit this phase of the case to the jury, in view of appellant's evidence to the effect that, as his son Willie approached Curtis and demanded his horse, Curtis drew his gun on Willie, and appellant shot to protect his son.

Willie Curtis, the prosecuting witness, was permitted to testify that at the time of the difficulty he was going over to Mr. Goff's to kill some horses for his hogs, and was taking his gun along for that purpose. He and his father were also permitted to testify that he had been over to Mr. Goff's before that time to kill some horses. The fact that he was going over to Mr. Goff's to kill some horses was explanatory of why he was carrying the gun, and the fact that he had been there before for the same purpose had a direct bearing on the good faith of his statement. We therefore conclude that the evidence was properly admitted.

Irvine Berryman was permitted to testify that on the morning of the difficulty he was talking to appellant, when Willie Baker came up and said to appellant, "Whenever I find that (applying a vile epithet), I am going to kill him, if he don't give my horse up." This statement was permitted to go to the jury as substantive evidence against appellant. If appellant and his son had been charged with a conspiracy, or had been jointly indicted and a conspiracy had been proved, or the evidence had disclosed that Willie first assaulted the prosecuting witness, or went forth armed for that purpose, there might be some merit in the contention that the statement which he made to his father was admissible against his father. However, no such case is presented. The father alone was charged with the crime. His son did not attempt to injure the prosecuting witness, nor was he equipped to do so. In the circumstances, we are of the opinion that the statement attributed to him was not admissible against appellant.

In some instances the questions propounded by the commonwealth's attorney were leading, and on another trial the court will see that this practice is not indulged in.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.

Whole court sitting.